**Jeanice LITTLE, Plaintiff,**

v.

**DEVILS LAKE–SIOUX MANUFACTURING CORPORATION, Defendant.**

Civ. No. A2–84–134.

United States District Court,
D. North Dakota,
Northeastern Division.

April 30, 1985.

Karen Wills, Kuchera, Stenehjem & Wills, Grand Forks, N.D., for plaintiff.

Bruce E. Bohlman, Bruce E. Bohlman, Ltd., Grand Forks, N.D., for defendant.

**MEMORANDUM AND ORDER**

BENSON, Chief Judge.

Defendant Devils Lake Sioux Manufacturing Corporation has moved for summary judgment in the above-entitled matter.

### Background

Plaintiff Jeanice Little alleges in her complaint that Defendant discriminated

---

against her by reason of her race, in violation of Title VII, 42 U.S.C. § 2000e et seq. Plaintiff, a Caucasian female, alleges she was wrongfully discharged from her job as an assembler after an altercation with a fellow employee of Defendant. Plaintiff alleges she was denied her right to an internal grievance conference following her discharge, although Native American employees are regularly given this opportunity in accordance with Defendant's policy.

Defendant contends this court does not have subject matter jurisdiction over Plaintiff's claims. Plaintiff originally filed an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC) on December 6, 1983. The EEOC dismissed the complaint on March 28, 1984, for lack of jurisdiction.

### Facts

Plaintiff is a Caucasian female who resides in Devils Lake, North Dakota. Defendant is a corporation organized and existing under the laws of the State of North Dakota, and it is located on the Devils Lake Sioux Indian Reservation at Fort Totten, North Dakota. The Devils Lake Sioux Tribe owns 51% of the common stock of Defendant, and the remaining stock is owned by the Brunswick Corporation of Skokie, Illinois.

Defendant has been primarily involved since its organization with the performance of government procurement contracts for the United States Department of Defense. Defendant participates in small business minority set aside programs under 15 U.S.C. § 637, and it was primarily engaged in the performance of such government contracts from May 1979 to May 1983, the dates of Plaintiff's employment.

Defendant has not presented any evidence to show that it actually publicized, printed, or posted any policy by which Native Americans would be given preference in relation to its employment practices. The Chairman of the Board of Directors of Defendant states in an affidavit filed with the court, however, that "[t]he publicly announced employment practice of the corporation is to give preferential treatment to American Indians living on or near the Devils Lake Sioux Indian Reservation." Plaintiff has presented portions of Defendant's employee handbook, which provides that Defendant gives its "wholehearted support to the principle of Equal Opportunity Employment."

### Discussion

The issue before the court is whether the alleged acts of Defendant fall within the exclusion of Title VII in 42 U.S.C. § 2000e–2(i). Section 2000e–2(i) provides:

> Nothing contained in this subchapter shall apply to any business or enterprise on or near an Indian reservation with respect to any *publicly announced employment practice* of such business or enterprise under which a preferential treatment is given to any individual because he is an Indian living on or near a reservation.

42 U.S.C. § 2000e–2(i) (emphasis added).

Defendant contends the above exclusion applies in this case, and it has a "publicly announced employment practice" of preferring American Indians by virtue of the provisions of 25 U.S.C. § 450e. Section 450e(b) provides in relevant part:

> Any contract, subcontract, grant, or subgrant pursuant to this Act, sections 452 to 457 of this title, or any other Act authorizing Federal contracts with or grants to *Indian organizations* or for the benefit of Indians, shall require that to the greatest extent feasible—
>
> (1) preferences and opportunities for training and employment in connection with the administration of such contracts or grants shall be given to Indians....

25 U.S.C. § 450e(b) (emphasis added).

Defendant is an "Indian organization," within the meaning of 25 U.S.C. § 450e(b), because 51% of the corporation is owned by the Devils Lake Sioux Indian Tribe. *See* 25 U.S.C. § 1452(e) ("economic enterprise" defined for purposes of the Indian Financing Act of 1974, 25 U.S.C. ch. 17, as any Indian-owned commercial, industrial, or business activity established for the purpose of prof-

it, provided that such Indian ownership constitutes not less than 51% of the enterprise). In addition, Defendant was primarily engaged in the performance of government contracts during the years of Plaintiff's employment. Therefore, the requirements of 25 U.S.C. § 450e(b) apply to the government contracts performed by Defendant, and Defendant is thus required to give preference in training and employment to Indians in connection with the administration of the government contracts.

The Tenth Circuit has given section 2000e–2(i) a broad scope. *See Livingston v. Ewing,* 601 F.2d 1110, 1114 (10th Cir.), *cert. denied,* 444 U.S. 870, 100 S.Ct. 147, 62 L.Ed.2d 95 (1979) (interpretation of "employment practice" within meaning of 2000e–2(i)). In so doing the Tenth Circuit stated:

> To give it such a narrow effect would thwart the entire effort and not allow the Indians to develop as entrepreneurs, and it would place them in a position of having to compete with Anglo businessmen and employ competitive practices, and would tend to sacrifice the educational and cultural object.

601 F.2d at 1114.

Plaintiff relies on a 1973 decision in which the EEOC found the preferential hiring of a Native American teacher's aide was an unlawful employment practice because of the absence of a public announcement regarding the employer's policy of preference at the time the teacher's aide position was advertised. EEOC Decision 74–26, 2 Emp.Prac. Guide § 16398 (1973). The EEOC has now found, however, that subject matter jurisdiction was lacking in the present case.

This court holds the present case falls within the exclusion to Title VII in 42 U.S.C. § 2000e–2(i). The statutory preference requirement in 25 U.S.C. § 450e(b), in conjunction with the Chairman of the Board's statement that Defendant had a publicly announced employment practice of giving preferential treatment to American Indians, are sufficient to meet the "publicly announced employment practice" element of the exclusion. There is no genuine issue as to any material fact in this case and Defendant is entitled to judgment as a matter of law.

**IT IS ORDERED** judgment be entered for the dismissal of the complaint and cause of action without costs.